OPINION
{¶ 1} Defendant-appellant Georgiarae Messer appeals the sentences rendered by the Licking County Court of Common Pleas following her pleas of guilty to two charges of drug possession (cocaine and heroin) in Case No. 03CR292 and no contest pleas to twelve counts of burglary in Case No. 03CR394. The plaintiff-appellee is the State of Ohio. The following facts give rise to this appeal.
 {¶ 2} From May 2003, until approximately September 2003, appellant and her adult daughter, Candace VanSickle, went on a crime spree induced by their addiction to heroin and cocaine. The pair burglarized homes in Licking County and pawned the goods they sold to purchase illegal drugs. They also stole a car that was used to commit the burglaries. During one incident, a home owner returned to his residence as the pair was leaving. He grabbed appellant while she was in the car. The car continued to move dragging the individual about 200 feet before he let go.
 {¶ 3} Appellant was charged in Case No. 03CR292 with stealing checks from her employer and possession of heroin and cocaine. Upon her release from jail after being arrested in Case No. 03CR292 she continued to rob homes with her daughter.
 {¶ 4} The crime spree ended on September 3, 2003 when a home owner observed appellant and her daughter attempt to rob her home and called the sheriff's department with a description of the car and the suspects. A deputy sheriff pulled the car over and found appellant in the driver's seat, her daughter in the passenger's seat and appellant's 13 year old son in the back seat.
 {¶ 5} Appellant and her daughter gave statements and cooperated with the police in identifying homes that they robbed, pawn shops they visited, and items they stole. Some of the charges against appellant were dropped after her daughter committed suicide upon her arrival at the Ohio Reformatory for Women.
 {¶ 6} On June 9, 2004, appellant changed her plea in Case No. 03CR292 to no contest and pled guilty to the remaining counts in Case No. 03CR394. The trial court found her guilty on each charge in both cases. Sentencing was deferred until July 13, 2004.
 {¶ 7} The trial court sentenced appellant to one year each for the twelve burglary counts, two years for a second degree burglary count, and six months each for the 03CR292 charges. The 03CR292 sentences were to run concurrently to each other, but consecutive to the 03CR394 charges and each of the 03CR394 charges were to be served consecutively for an aggregate total sentence of 14½ years.
 {¶ 8} Appellant timely filed a notice of appeal and raises the following assignment of error for our consideration:
 {¶ 9} "I. THE TRIAL COURT ERRED IN SENTENCING APPELLANT GEORGIARAE MESSER TO CONSECUTIVE SENTENCES TOTALING 14½ YEARS."
 I. {¶ 10} In her sole assignment of error, appellant alleges that the trial court erred when it sentenced appellant to consecutive sentences. Appellant contends that the trial court failed to make all of the findings to impose consecutive sentences and that the findings made by the trial court were not supported by the record. We disagree.
 {¶ 11} After the enactment of Senate Bill 2 in 1996, an appellate court's review of an appeal from a felony sentence was modified. Pursuant to present R.C. 2953.08(G) (2): "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court. The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for re-sentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion.
 {¶ 12} The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 13} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E) (4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
 {¶ 14} "(b) That the sentence is otherwise contrary to law."
 {¶ 15} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 16} When reviewing a sentence imposed by the trial court, the applicable record to be examined by the appellate court includes the following: (1) the pre-sentence investigation report; (2) the trial court record in the case in which the sentence was imposed; and (3) any oral or written statements made to or by the court at the sentencing hearing at which the sentence was imposed. R.C. 2953.08(F) (1) through (3). The sentence imposed, by the trial court, should be consistent with the overriding purposes of felony sentencing: "to protect the public from future crime by the offender" and "to punish the offender."
 {¶ 17} In order to impose consecutive sentences, a trial court must comply with R.C. 2929.14 (E) (4) and R.C. 2929.19 (B) (2) (c). R.C. 2929.14
(E) (4) states as follows: "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive sentence is necessary to protect the public from future crime or to punish the offender and that the consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 18} "(a) The offender committed one or more multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to Sections 2929.16, 2929.17, 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 19} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 20} "(c) The offender's history of criminal conduct demonstrates the consecutive sentences are necessary to protect the public from future crimes by the offender."
 {¶ 21} Revised Code 2929.19 (B) (2) (c) requires that a trial court state its reasons for imposing consecutive sentences.
 {¶ 22} In State v. Comer, 99 Ohio St. 3d 463, 2003-Ohio-4165, the Supreme Court held a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing. The import of the decision in Comer, supra, is that the trial court must explain its decision to impose consecutive sentences to a defendant and base its decision on the statutorily enumerated criteria.
 {¶ 23} The record in the cases at bar supports that the trial judge found that each of the requirements of 2929.14 (E) and R.C.2929.19 (B) (2) (c) were met.
 {¶ 24} In the case at bar, the trial court had statements from several of the victims. (T. at 12-15; 16-17). The victims indicated that they and their children have had problems dealing with the traumatic effects of the break-ins. (Id.). Many of the items stolen are irreplaceable family heirlooms and sentimental items. (Id. at 15-16). In one case the husband and wife came home to find appellant and her daughter "in the process of carrying out personal possessions in pillow cases and garbage bags . . . the thieves got into their car, which had been stolen from a neighbor, and started down the driveway. [The husband] was able to grab one of the people by the hair in an effort to stop her and his wife watched as he was drug down the driveway 200 feet before he let go of the robber. . . ." (Id. at 17). The trial court noted these factors in finding that appellant had committed the worst form of the offense. (Id. at 18). [R.C.2929.14 (E) (4)].
 {¶ 25} The trial court further noted that Counts 4, 6, 7, 9, 15, 16, 18, 19, 20, 21 and 22 "were committed after [appellant] had been indicted on the earlier charge, so they were committed while you were awaiting trial on your drug case. That's when you committed the burglaries." (Id. at 19). [R.C. 2929.14(E) (4) (a)]. The court noted "I find these to be the worst form of the offense, again based upon the number of offenses, the locations of the victims in your neighborhood, the items stolen, and a single term would not adequately protect the public and would demean the seriousness of the offense. And again I find they were committed while awaiting trial in Case No. 03 CR 292, which you were indicted on July 3rd. The harm is simply too great that a single term does not adequately reflect the seriousness of that conduct." (Id. at 20). [R.C.2929.14 (E) (4)].
 {¶ 26} Upon review, we find R.C. 2929.14(E) has been met. We cannot find clear and convincing evidence that the record does not support the sentence or that the sentence is otherwise contrary to law.
 {¶ 27} Accordingly, we find that the record supports the trial court's imposition of consecutive sentences, and that the trial court made the findings required before imposing consecutive sentences.
 {¶ 28} Appellant's sole assignment of error is overruled.
 {¶ 29} For the foregoing reasons, the judgment of the Licking County Court of Common Pleas is affirmed.
Gwin, J., Boggins P.J., and Hoffman, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is affirmed. Costs to appellant.